**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN HENRY MISTER,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  26-821** |
| | : | |
| **POLICE OFFICER GEOFFREY T.** | : | |
| **BURKHART,** *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**MURPHY, J.**                                                                                          **February 17, 2026**

Plaintiff John Henry Mister brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging that his arrest and detention in Chester County violated his constitutional rights.  Mr. Mister seeks to proceed *in forma pauperis*.  For the following reasons, the court will grant Mr. Mister *in forma pauperis* status and dismiss his complaint.

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Mr. Mister's complaint are brief.  He states that he was arrested by an officer of the Downingtown Police Department "pursuant to a felony arrest warrant for docket # MJ-15402-CR-0000012-2026."  Compl. at 12.  He further contends that he did not receive a copy of any arrest warrant after his preliminary arraignment.  *Id.*  However, in connection with discovery in his criminal case, Mr. Mister received an "affidavit of probable cause" signed by Sergeant Geoffrey T. Burkhart.  *Id.*  Mr. Mister alleges that the affidavit is not signed by a

---

[1] The following allegations are taken from the complaint, exhibits attached to the complaint, and public dockets, of which this court may take judicial notice.  DI 2; *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The court adopts the sequential pagination supplied to the complaint by the CM/ECF docketing system.

magisterial district judge and notes that the docket for his criminal case does not contain an entry "stating that an arrest warrant was issued, executed, or returned to the court." *Id.*

Mr. Mister attached a copy of the affidavit of probable cause and criminal complaint in his underlying criminal matter as exhibits to his complaint. In the affidavit of probable cause, Sergeant Burkhart attested that on January 13, 2026, Mr. Mister's wife contacted him about a domestic assault. *Id.* at 15. She described instances that occurred on January 11 and on the morning of January 13, when Mr. Mister "became physical with her," suffocated her with a pillow more than once, hit her, and "grabbed her by the neck and throat" and squeezed. *Id.* at 15-16. She also showed Sergeant Burkhart a text message that Mr. Mister sent to her on January 12, 2026 stating, "I do think your gonna leave tho[] sadly like I know I've done a lot n did hit you before I'm sorry that's not who I am." *Id.* at 16. The criminal complaint accompanying the affidavit, which is dated January 13, 2026, asked "that a warrant of arrest or summons be issued and that the defendant be required to answer the charges." *Id.* at 17.

The criminal docket for Mr. Mister's case reflects that on January 13, 2026, he was arrested by Sergeant Burkhart in connection with the criminal complaint and charged with four felony counts of strangulation as well as several misdemeanors and a summary offense. *Commonwealth v. Mister*, No. MJ-15402-CR-0000012-2026. The docket further reflects that Mr. Mister was arraigned the same day and detained because he could not post bail. *Id.* The charges were dismissed on February 4, 2026, after a preliminary hearing. *Id.*

In the instant civil action, Mr. Mister sued Chester County, the Borough of Downingtown, and Sergeant Burkhart, claiming violation of his constitutional rights. Specifically, he contends that Sergeant Burkhart "placed me under false arrest and falsely imprisoned me." Compl. at 4; *see also id.* at 3. He also claims to have been denied due process.

2

*Id.* at 3.  As relief, Mr. Mister asks for one million dollars in damages and "that the whole Chester County Justice system be re-trained on arrest and search warrant and the constitution of United States." *Id.* at 5.

## II.    STANDARD OF REVIEW

The court will grant Mr. Mister leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the screening stage, the court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Mr. Mister is proceeding *pro se*, the court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245).  However, "pro se litigants

---

[2] However, since Mr. Mister is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).  Mr. Mister's complaint is best construed as alleging violations of the Fourth Amendment based on his arrest and detention.[3]

The Fourth Amendment requires arrests, detentions, and prosecutions to be supported by probable cause.  *Harvard v. Cesnalis*, 973 F.3d 190 202-03 (3d Cir. 2020).  "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Id.* at 199 (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000)).  When an arrest is conducted without a warrant, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."  *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).  This determination may occur "either before or promptly after arrest," *id.* at 125, and a probable cause determination conducted within forty-eight hours of arrest will generally satisfy the Fourth Amendment, *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991).

---

[3] "[T]he Supreme Court has recognized the Fourth Amendment—and not the Due Process Clause of the Fourteenth Amendment—as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint." *DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) (citations omitted); *see also Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").  Accordingly, there is no basis for a due process claim here.

In other words, "[i]n the ordinary criminal case, arrest and detention of a suspect is reasonable if it is supported by probable cause, as determined by the judge who either issues an arrest warrant or conducts a preliminary hearing." *Schneyder v. Smith*, 653 F.3d 313, 322 (3d Cir. 2011) (citing *Gerstein*, 420 U.S. at 111-14).

Mr. Mister does not allege that his arrest, detention, and prosecution were unsupported by probable cause. Instead, he contends that his arrest and detention were unlawful because the affidavit of probable cause he received in discovery was not signed by the issuing authority and because the criminal docket in his case does not reflect that any arrest warrant ever issued. In Pennsylvania, criminal proceedings are instituted by filing a written complaint or, relevant here, by an arrest without a warrant "upon probable cause when the offense is a felony." Pa. R. Crim. P. 502. "[W]hen a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay." Pa. R. Crim. P. Rule 519. "At the preliminary arraignment, a neutral magistrate 'makes a determination of probable cause.'" *Stewart v. Abraham*, 275 F.3d 220, 223 (3d Cir. 2001) (quoting Pa. R. Crim. P. 540(C)).

Mr. Mister's allegations and exhibits, and the docket for his criminal case reflect that, whether or not he was arrested pursuant to a warrant—and it appears that he was not based on his own allegations, exhibits, and criminal docket—he was arrested on felony charges based on the evidence set forth in the affidavit of probable cause and, on the same day, charged in a criminal complaint and arraigned in court before a magisterial district judge, who also set bail. *Commonwealth v. Mister*, No. MJ-15402-CR-0000012-2026. "The Pennsylvania law requiring probable cause for arrests and a preliminary arraignment within 48 hours satisfies all that the Fourth Amendment requires." *Stewart*, 275 F.3d at 228-29 (3d Cir. 2001) (citing

5

*Commonwealth v. Abdul-Salaam*, 678 A.2d 342, 347-48 n.10 (Pa. 1996)).  Accordingly, there is

no basis for concluding that a Fourth Amendment violation occurred here.[4]  *See Lawson v. City*

*of Coatesville*, 42 F. Supp. 3d 664, 677 (E.D. Pa. 2014) (rejecting constitutional claims where

plaintiff "not only received the prompt judicial probable cause determination required by

*Gerstein,* but also a preliminary hearing at which the charges against him were actually

dismissed.  Although [plaintiff's] preliminary hearing was continued several times, this delay

does not provide a basis for a constitutional claim").

## IV.   CONCLUSION

For the foregoing reasons, the court will grant Mr. Mister leave to proceed *in forma*

*pauperis* and dismiss his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for

failure to state a claim.  Under the circumstances of this case, the court concludes that Mr. Mister

cannot cure the defects in his claims, so he will not be afforded an opportunity to amend.

An appropriate order follows, which dismisses this case.

---

[4] Even assuming the existence of a technical violation of Pennsylvania's procedural rules, *see, e.g.*, *Commonwealth v. Ortiz*, 346 A.3d 344 (Pa. Super. 2025), a violation of a state rule cannot form the basis of a § 1983 claim.